The **STATE** of Ohio, Appellee,

v.

**RYAN, Appellant.**

[Cite as *State v. Ryan,* 172 Ohio App.3d 281, 2007-Ohio-3092.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060660.

Decided June 22, 2007.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for appellee.

Christine Y. Jones, for appellant.

---

MARK P. PAINTER, Presiding Judge.

{¶ 1} The issue in this case, much like its companion case, *State v. Hill*,[1] is whether a trial court can vacate a defendant's sentence and then resentence him when the court has failed to notify the defendant at the original sentencing hearing about postrelease control. The answer is yes.

## I. The Crime and Sentence

{¶ 2} Defendant-appellant, Michael Ryan, was indicted on two counts of rape,[2] one count of cocaine possession,[3] and one count of burglary.[4] The rape charges resulted after Ryan had hired a stripper to come to his home. When the stripper arrived, he pulled a knife and forced her to perform fellatio upon him. Two days prior to this, Ryan had entered a neighbor's apartment and had stolen video games. Ryan pleaded guilty to one count of rape and the burglary charge in exchange for the dismissal of the other rape charge and the cocaine-possession charge. Ryan was sentenced to nine years' incarceration for the rape and five years' incarceration for the burglary, to run concurrently.

{¶ 3} During sentencing, the court stated that the statutorily mandated postrelease control was discretionary. After the Ohio Supreme Court's decision in

---

1. *State v. Hill*, 1st Dist. No. C–060727, 2007-Ohio-3085, 2007 WL 1791956.

2. R.C. 2907.02.

3. R.C. 2925.11.

4. R.C. 2911.12.

*Hernandez v. Kelly,*[5] the trial court brought Ryan back for a new sentencing hearing. At this hearing, the trial court informed Ryan that he was subject to a mandatory five years of postrelease control under R.C. 2967.28(B)(1). The court stated that it was going to correct its September 1998 entry nunc pro tunc to add the mandatory postrelease control.

{¶ 4} Ryan now appeals, arguing that (1) the trial court lacked subject-matter jurisdiction over his case, and the resentencing was barred by res judicata, and (2) H.B. No. 137 is unconstitutional because it allows the Adult Parole Authority to act in a judicial capacity and because it violates the Ex Post Facto Clauses contained in Section 28, Article II of the Ohio Constitution and Section 10, Article I of the United States Constitution.

## II. Postrelease Control

{¶ 5} The essential issue behind both of Ryan's assignments of error is that the trial court that sentenced him without properly notifying him of postrelease control cannot vacate that sentence and then reimpose the same sentence with postrelease control. Ryan's arguments are without merit.

{¶ 6} At the original sentencing hearing in September 1998, the trial court notified Ryan that he "[could] be placed on five years post release control." The trial court essentially stated that postrelease control was discretionary, instead of advising that, under R.C. 2967.28(B)(1), five years of postrelease control was mandatory.

{¶ 7} While trial courts generally "lack authority to reconsider their own valid final judgments in criminal cases,"[6] courts retain jurisdiction (1) to correct a void sentence[7] and (2) to correct clerical errors in judgments.[8]

{¶ 8} The Ohio Supreme Court has held that a trial court's failure to properly notify an offender about postrelease control results in a void sentence and, therefore, falls under the first exception.[9] " 'Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempt-

---

5. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

6. See *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 338, 686 N.E.2d 267; *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 599, 589 N.E.2d 1324.

7. See *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774.

8. Crim.R. 36.

9. See *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 20.

ed sentence a nullity or void.' " [10] As the Ohio Supreme Court has explained, " 'where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant.' " [11] But a trial court may only resentence an offender to give the required notice of postrelease control if the offender's sentence has not yet expired.[12]

{¶ 9} Specifically, the Ohio Supreme Court has held that R.C. 2929.19 requires a trial court, when sentencing a felony offender to a prison term, to notify the offender about postrelease control both at the sentencing hearing and by incorporating the notification into its sentencing entry.[13] The trial court must do so regardless of whether the term of postrelease control is mandatory or discretionary under R.C. 2967.28.[14]

### III. The New Statutes

{¶ 10} Following these recent Ohio Supreme Court decisions, the General Assembly amended R.C. 2967.28. Of course, as is normal, the legislature used dozens of words and bizarre sentence structure to rain confusion on anyone foolish enough to try to read its work.

{¶ 11} The new statute provides, "Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, * * * or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. If a court imposes a sentence including a prison term of a type described in this division on or after the effective date of this amendment, the failure of a sentencing court to notify the offender pursuant to [R.C. 2929.19(B)(3)(c) ] of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division. Section 2929.191 of the Revised Code applies if, prior to the effective date of this amendment, a court imposed a sentence

---

10. Id., quoting *Beasley,* 14 Ohio St.3d at 75, 14 OBR 511, 471 N.E.2d 774.

11. Id., quoting *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 23.

12. Id. at ¶ 28; *Hernandez,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, at ¶ 31–32.

13. *Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus.

14. *Hernandez,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301; *Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph two of the syllabus.

including a prison term of a type described in this division and failed to notify the offender pursuant to [R.C. 2929.19(B)(3)(c) ] regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to [R.C. 2929.14(F)(1) ] a statement regarding post-release control. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods: (1) For a felony of the first degree or for a felony sex offense, five years." Wow.

{¶ 12} Because the sentence in this case was imposed before the effective date of these amendments, we must look to R.C. 2929.191. This statute provides the following: "(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of [mandatory postrelease control under R.C. 2929.19(B)(3)(c) ] and failed to notify the offender pursuant to that division that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to [R.C. 2929.14(F)(1) ], at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison. * * * (C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. * * * At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction."

{¶ 13} Boiling down the nigh-impenetrable language of these statutes, we hold that their effect is to permit the trial court to correct itself when it fails to notify the defendant about either the mandatory or the discretionary nature of postrelease control.

{¶ 14} Here, the court vacated Ryan's sentence, brought him back for a new sentencing hearing, reimposed the same sentence, and notified him of the statutorily mandated five years' postrelease control. In doing so, the trial court

complied with the Ohio Supreme Court's recent decisions, the new amendments to R.C. 2967.28, and the newly enacted R.C. 2929.191.

{¶ 15} Ryan's arguments also misconstrue the *Hernandez* decision. In *Hernandez*, the trial court failed to notify Hernandez of mandatory postrelease control at the sentencing hearing or in its judgment entry.[15] After he had completed his prison term, Hernandez was detained for violating his postrelease control, and the Adult Parole Authority imposed a prison term upon him.[16] Hernandez challenged his detention in a petition for a writ of habeas corpus, which the Ohio Supreme Court granted. In doing so, the court held that the trial court could not have remedied its failure to notify Hernandez of postrelease control by resentencing him once he had already completed his sentence.[17]

{¶ 16} But the Ohio Supreme Court did not hold that resentencing is never available to remedy a failure to notify an offender about postrelease control. The court only held that resentencing is prohibited when the offender has already completed his prison sentence. And the court's subsequent holdings in *State ex rel. Cruzado v. Zaleski*[18] and *Watkins v. Collins*,[19] as well as the General Assembly's amendment of R.C. 2967.28 and enactment of R.C. 2929.191, reaffirm that holding and clearly establish that resentencing an offender while he is serving his prison term is the proper remedy for failing to notify him of postrelease control. Thus, Ryan's first assignment of error is overruled.

### IV. Due Process and Ex Post Facto Laws

{¶ 17} In his second assignment of error, Ryan argues that the retroactivity of H.B. No. 137's amendments to R.C. 2967.28 and the enactment of R.C. 2929.191 violate the Due Process Clauses and Ex Post Facto Clauses of the United States and Ohio Constitutions.

{¶ 18} The United States Supreme Court has stated that "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law" and can thus violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[20]

---

15. *Hernandez,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, at ¶ 2.

16. Id. at ¶ 6–7.

17. Id. at ¶ 31–32.

18. *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263.

19. *Watkins v. Collins,* 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78.

20. See *Bouie v. Columbia* (1964), 378 U.S. 347, 353, 84 S.Ct. 1697, 12 L.Ed.2d 894; see, also, *State v. Garner* (1995), 74 Ohio St.3d 49, 57, 656 N.E.2d 623.

{¶ 19} Ryan's argument is premised on the proposition that his resentencing was unexpected or unforeseeable. As we noted earlier in our recitation of the facts, Ryan was recalled by the trial court for resentencing in light of *Hernandez.* We are unpersuaded that the trial court, by recalling Ryan to be resentenced so that the court could inform him that his five years' postrelease control was mandatory rather than discretionary, effected an "unforeseeable enlargement" of Ohio's sentencing statutes such that Ryan's due-process or ex post facto rights were violated.

{¶ 20} Ryan's assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

HILDEBRANDT, J., concurs.

CUNNINGHAM, J., concurs in judgment only.