DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Gregory J. Herfurt, appeals the judgment of the Lucas County Court of Common Pleas, which accepted his guilty pleas to vandalism and receiving stolen property, both felonies of the fourth degree, and entered convictions accordingly. *Page 2 
He was subsequently sentenced pursuant to a jointly-recommended sentence agreement to one year terms of incarceration for each count, ordered to run consecutively. The trial court also found the instant convictions constituted a violation of post-release control from a prior case (CR05-1997) and imposed a consecutive one year term of incarceration. The total term of incarceration therefore equaled three years. Appellant was also ordered to pay restitution in a total amount of $2,187.50.
 {¶ 2} Appellant assigns three errors for review, each challenging the imposition of one year incarceration for the post-release control violation:
 {¶ 3} "ASSIGNMENT OF ERROR I: The trial court violated Herfurt's due process rights under the Sixth and Fourteenth Amendments to the United States Constitution by entering a Nunc Pro Tunc Judgment Entry to add that he had been advised of his rights regarding Post Release Control, and then subsequently imposing a one-year consecutive sentence of imprisonment for violating Post Release Control.
 {¶ 4} "ASSIGNMENT OF ERROR II: Double jeopardy attached because the sentence from the 2005 conviction was final and had been nearly completed before the Nunc Pro Tunc judgment entry was journalized so Herfurt had a constitutional expectation of finality. Therefore, it could not be used to enhance his punishment following his 2006 conviction because post release control was never constitutionally and properly imposed. *Page 3 
 {¶ 5} "ASSIGNMENT OF ERROR III: Herfurt's counsel provided ineffective assistance for not reviewing and researching whether post release control was ever properly imposed thereby resulting in his client serving and additional year in prison."
 {¶ 6} Judgment entries from case CR05-1997 attached to his appellate brief show that the first judgment of conviction did not include a post-release control provision and a subsequent nunc pro tunc order added the sentence "and post release control notice under R.C.2929.19(B)(3) and R.C. 2967.28." Each of appellant's arguments challenges the legality of this maneuver; then he argues that imposing a penalty for violating a void post-release control condition was error. Appellee argues that appellant has waived the issue, since, during plea negotiations and at his plea hearing, he was aware that one year incarceration for the post-release control violation would be imposed.
 {¶ 7} We cannot reach either argument. Attachments to appellate briefs which are not part of the record may not be considered on appeal. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' State v. Ishmail (1978),54 Ohio St.2d 402, paragraph one of the syllabus; State ex rel. Brantley v. Ghee
(1997), 80 Ohio St.3d 287, 288." Barnett v. Ohio Adult ParoleAuthority (1998), 81 Ohio St.3d 385, 387.
 {¶ 8} At the sentencing hearing and in its judgment entry of conviction, the trial court referenced case CR05-1997 and its post-release control. This, however, only shows that the court was aware of the post-release control, not necessarily the manner in which *Page 4 
it was imposed. Even assuming that both the original and the nunc pro tunc entries from case CR05-1997 were before the trial court, the imposition of post-release control in this manner would be invalid only if the trial court had also failed to give appellant notice of such at the CR05-1997 sentencing hearing. State v. Ryan, 172 Ohio App.3d 281,2007-Ohio-3092, ¶ 8-9, citing Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126; State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085. The transcript from that hearing is not part of the record before us. Therefore, because he depends on matters outside the record of this case, appellant's challenge would be properly brought in a petition for post-conviction relief, or through a delayed appeal in case CR05-1997. We must find the first and second assignments of error not well-taken.
 {¶ 9} Appellant's third assignment of error alleges his trial counsel gave ineffective assistance when he failed to determine whether post-release control had been validly imposed before allowing him to plea. A guilty plea waives the issue of ineffective assistance of counsel unless the ineffective assistance resulted in an unknowing and involuntary guilty plea. State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus; State v. Spates (1992),64 Ohio St.3d 269, paragraph two of the syllabus; State v. Barnett (1991),73 Ohio App.3d 244, 249. Appellant has not alleged that he would not have entered a guilty plea to the instant charges had he known that an additional term for the post-release control violation would be imposed. Insofar as appellant argues that his counsel had a duty to ascertain whether, in light of Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, post-release control had been properly *Page 5 
imposed in case CR05-1997, this argument is also not well-taken. Pursuant to Hernandez, Jordan, and Ryan, supra, appellant's counsel would have had to obtain a transcript of the sentencing hearing in case CR05-1997 prior to advising appellant regarding his plea. We decline to label this an omission falling outside the range of competent assistance. Strickland v. Washington (1984), 466 U.S. 668, 694.
 {¶ 10} Contrary to appellant's assertion, his claimed right to notice that a conviction would constitute a violation of post-release control is not a constitutional right. "[T]he failure to comply with non-constitutional rights will not invalidate a plea unless the defendant suffered prejudice. The test for prejudice is `whether the plea would have otherwise been made.'" State v. Hamilton, 4th Dist. No. 05CA4, 2005-Ohio-5450, ¶ 11, quoting State v. Griggs, 103 Ohio St.3d 85,2004-Ohio-4415; State v. Nero (1990), 56 Ohio St.3d 106, 108. Insofar as appellant argues that he was unable to knowingly "waive" the right to notice of the post-release control (or the lack thereof), appellant had a right to notice of such at the CR05-1997 sentencing hearing, but not at the time of the instant guilty plea. Boykin v. Alabama (1969),395 U.S. 238, 243; Crim.R. 11. Appellant's third assignment of error is not well-taken.
 {¶ 11} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1