DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Garold Stovall, appeals from the judgment of the Medina County Court of Common Pleas. This Court vacates the judgment of the Medina County Court of Common Pleas.
 I. {¶ 2} On December 30, 2005, Appellant, Garold Stovall, was indicted under R.C. 4511.19(A)(1) and R.C. 4511.99, for driving under the influence of drugs or alcohol, a felony of the fourth degree. On April 3, 2006, the State amended the charge to a first degree misdemeanor, to which Stovall entered a plea of no contest. The trial court then found Stovall guilty of both violations. On May *Page 2 
22, 2006, Stovall was sentenced to 180 days incarceration and a five year license suspension. In addition, he was ordered to pay costs of prosecution and a $1000 fine and he was ordered to forfeit his vehicle to the Medina City Police Department.
 {¶ 3} On September 26, 2006, Stovall requested that his sentence be modified so that he did not have to forfeit his vehicle. In his motion, Stovall asserted that the trial court erroneously ordered forfeiture of his vehicle, a punishment that was not appropriate for his offense — a first offense of R.C. 4511.19 within six years — pursuant to R.C.4511.19. The trial court initially denied Stovall's motion however, upon the filing of a motion for reconsideration, the trial court reversed its order on January 23, 2007, finding instead that Stovall's vehicle should be released to him. Thereafter, on February 6, 2007, the trial court sua sponte issued an order stating that as a condition of release of the vehicle, Stovall must reimburse the State for the cost of repairs and cleanup the police department incurred while it held the vehicle in its custody. Stovall filed an additional motion for reconsideration with the trial court. The trial court did not rule on Stovall's motion. Stovall appealed the trial court's order, raising one assignment of error for our review.
 II. *Page 3 ASSIGNMENT OF ERROR "R.C. 4511.195 IS UNCONSTITUTIONAL AS APPLIED TO VEHICLE OWNERS WHO ARE ADJUDICATED GUILTY OF DRIVING UNDER THE INFLUENCE AND WHO HAVE BEEN INDEFINITELY DEPRIVED OF THEIR VEHICLES UNDER A SECTION OF A STATUTE THAT WAS INAPPLICABLE TO HIS OR HER CASE AND THEN ORDERED TO PAY THE COSTS INCURRED BY THE STATE CONNECTED TO THAT DEPRIVATION."
 {¶ 4} In Stovall's sole assignment of error, he contends that criminal defendants who have been wrongly deprived of property due to unlawful application of a criminal statute should not be forced to pay the costs associated with their wrongful deprivation. We need not reach the merits of this argument. Because we find that the trial court lacked jurisdiction to order Stovall to pay the costs incurred by the State, we vacate the order of the trial court.
 {¶ 5} "While trial courts generally `lack authority to reconsider their own valid final judgments in criminal cases,' courts retain jurisdiction (1) to correct a void sentence and (2) to correct clerical errors in judgments." State v. Ryan, 172 Ohio App.3d 281,2007-Ohio-3092, at ¶ 7, quoting State ex rel. White v. Junkin (1997),80 Ohio St.3d 335, 338. See Crim.R. 36. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." State v. Beasley (1984),14 Ohio St.3d 74, 75. The applicable statute in this case, R.C. 4511.19, contains no provision for forfeiture of a vehicle where the violation of R.C. 4511.19 is the first such offense within six years. At the initial sentencing on May 22, 2006, the trial court disregarded the *Page 4 
statute and incorrectly ordered forfeiture of Stovall's vehicle. In doing so, the trial court exceeded its authority and this sentence of criminal forfeiture was void. The trial court had inherent jurisdiction to modify Stovall's sentence so that it complied with the statute. SeeRyan, supra, at ¶ 7. It did so on January 23, 2007. Once the trial court modified Stovall's sentence and issued a valid sentence, it no longer had jurisdiction over the matter. The trial court lacked jurisdiction to issue its February 6, 2007 judgment entry in which it conditioned the release of Stovall's vehicle on his payment of the costs for repairs and cleanup of the vehicle. Accordingly, the trial court's February 6, 2007 judgment was a nullity.
 {¶ 6} Stovall's sole assignment of error is sustained.
 III. {¶ 7} Stovall's assignment of error is sustained. The February 6, 2007 judgment of the Medina County Court of Common Pleas is vacated. The January 23, 2007 order remains valid.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into *Page 5 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
DICKINSON, J. CONCURS
SLABY, J. CONCURS IN JUDGMENT ONLY
 *Page 1