OPINION *Page 2 
{¶ 1} Defendant-Appellant, Jesse Lange, appeals the judgment of the Mercer County Court of Common Pleas resentencing him to notify him of post-release control. On appeal, Lange asserts that the trial court could not impose post-release control at a later date; that, when post-release control is not imposed during the original sentencing, a defendant is not subject to post-release control; that, if post-release control may be imposed at a later date, the trial court must conduct a new sentencing hearing; that the State waived the issue of post-release control by failing to appeal it; and, that R.C. 2929.191 is unconstitutional. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In October 2004, Lange entered a negotiated plea of guilty to one count of intimidation of a witness in violation of R.C. 2921.04(B), a felony of the third degree, and to one count of abduction in violation of R.C. 2905.02(A)(1), a felony of the third degree.
 {¶ 3} In November 2004, the trial court sentenced Lange to a three-year prison term on both counts, to be served concurrently, and ordered him to pay restitution. The trial court neither notified Lange at the sentencing hearing nor in its subsequent judgment entry about the possibility of a post-release control sanction. *Page 3 
 {¶ 4} In August 2006, the trial court sua sponte issued a nunc pro tunc judgment entry to notify Lange about post-release control.
 {¶ 5} In October 2006, the trial court sua sponte issued another nunc pro tunc judgment entry to specify the amount of restitution. Subsequently, Lange appealed from the October 2006 nunc pro tunc entry, challenging the trial court's authority to notify him of post-release control after the original sentencing hearing and asserting that issuing a nunc pro tunc to do so was improper. We affirmed in part and reversed in part, finding that the trial court had the authority to resentence Lange while he was still serving his prison term in order to notify him of post-release control. However, we also found that the trial court erred by merely issuing a nunc pro tunc entry without first holding a hearing and remanded on that issue. See State v. Lange, 3d Dist. No. 10-06-28, 2007-Ohio-2280 ("Lange I ").
 {¶ 6} In May 2007, the State moved for a Correction to Judgment of Conviction Concerning Post-Release Control and requested a hearing pursuant to R.C. 2929.191.
 {¶ 7} In July 2007, the trial court held a hearing and notified Lange that he would be subjected to post-release control upon his release from prison and explained the ramifications of violating post-release control. The State also requested that the trial court completely resentence Lange pursuant to State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250. Over Lange's objections, the trial *Page 4 
court also resentenced Lange to a three-year prison term on both convictions, to be served concurrently, and ordered him to pay court costs and restitution.
 {¶ 8} It is from this judgment that Lange appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I IF A TRIAL COURT DOES NOT ADVISE A DEFENDANT AT SENTENCING THAT POST RELEASE CONTROL IS OR MAY BE IMPOSED, IT MAY NOT DO SO AT A LATER DATE.
 Assignment of Error No. II WHEN A TRIAL COURT DOES NOT IMPOSE POST RELEASE CONTROL AT SENTENCING, THE APPROPRIATE ACTION IS TO RULE THAT THE DEFENDANT IS NOT SUBJECT TO POST RELEASE CONTROL.
 Assignment of Error No. III IF A TRIAL COURT IS AUTHORIZED TO IMPOSE POST RELEASE CONTROL AT A LATER TIME WHEN IT FAILED TO DO SO AT THE ORIGINAL SENTENCING, THE PROPER PROCEDURE IS A NEW, COMPLETE SENTENCING HEARING.
 Assignment of Error No. IV IF NO DIRECT APPEAL OF THE ORIGINAL SENTENCING OF APPELLANT WAS TAKEN BY THE STATE, IT MAY NOT NOW ASK THE COURT TO IMPOSE POST RELEASE CONTROL. *Page 5 
 Assignment of Error No. V ORC 2929.191 IS UNCONSTITUTIONAL FOR VIOLATION OF THE SINGLE SUBJECTRULE 11 OF THE OHIO CONSTITUTION AND IN VIOLATION OF THE DUE PROCESS ANDDOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND OHIOCONSTITUTIONS.
 {¶ 9} Due to the nature of Lange's assignments of error, we elect to address his assignments of error out of order and his first and second assignments of error together.
 Assignments of Error Nos. I II {¶ 10} In his first assignment of error, Lange asserts that, if a trial court fails to notify a defendant about post-release control at the time of the original sentencing, it may not do so at a later date. Similarly, in his second assignment of error, Lange asserts that, where a trial court fails to notify a defendant of post-release control during the original sentencing, the appropriate action is to rule that the offender is not subject to post-release control. Essentially, Lange argues that imposing post-release control at a later date violated finality of sentencing and double jeopardy principles and that resentencing him post-Foster violated his due process rights. We disagree.
 {¶ 11} We note at the outset that Lange raised identical arguments regarding a trial court's authority to resentence an offender in order to notify him of post-release control in Lange I. Consequently, Lange is barred by res judicata *Page 6 
from raising these arguments again in this appeal. Moreover, as we established in Lange I, under both R.C. 2929.191 and Supreme Court of Ohio precedent, the trial court had the authority to conduct the July 2007 resentencing to impose post-release control and to issue its subsequent corrective entry,[1] as Lange's prison term had not yet expired. See, e.g., State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250;State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795;Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126; State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085.
 {¶ 12} Next, Lange argues that resentencing him after State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, violated his due process rights and that he may withdraw his guilty plea if he so chooses.Foster addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework requiring judicial findings before imposition of more than the minimum, maximum, and consecutive sentences were unconstitutional and void. 109 Ohio St.3d at ¶ 100. However, this Court has held on numerous occasions that applying Foster on a remand for resentencing does not violate due process. See State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, ¶¶ 14-20, and *Page 7 
subsequent cases citing to it. Moreover, the statutory sentencing range for third degree felonies has not changed, see R.C. 2929.14(A)(3), and the presumption of vindictiveness principles regarding increased sentences still apply to cases on remand for resentencing. See State v.Troglin, 3d Dist. No. 14-06-57, 2007-Ohio-4368, at ¶ 21 (citations omitted). Also, Lange's assertion that he could withdraw his guilty plea if he so chooses is purely speculative at this juncture.
 {¶ 13} Accordingly, we overrule Lange's first and second assignments of error.
 Assignment of Error No. IV {¶ 14} In his fourth assignment of error, Lange asserts that the trial court may not impose post-release control at a later date unless the State directly appeals the original sentence. Specifically, Lange contends that the State waived the issue by failing to raise it on direct appeal pursuant to Foster, supra. We disagree.
 {¶ 15} We note at the outset that Foster is inapplicable to Lange's argument because it only briefly addressed the issue of waiver and rejected the State's argument that Foster had waived an issue. See 109 Ohio St.3d at ¶¶ 30-33. Presumably, Lange meant to cite the Supreme Court of Ohio's recent decision in State v. Payne, wherein the Court explained that, in certain situations, a sentence cannot be set aside unless successfully challenged on direct appeal. 114 Ohio St.3d 502,2007-Ohio-4642, at ¶ 28. However, Lange's reliance on this principle is *Page 8 
misplaced. Payne held that a defendant's failure to object at trial to a sentence that violates Blakely v. Washington (2004), 542 U.S. 296, forfeits the issue on appeal.[2] Payne, 114 Ohio St.3d at paragraph one of the syllabus. In doing so, the Court explained that the defendant's sentence was merely voidable, not void, and that voidable sentences can only be set aside if successfully challenged on direct appeal. Id. at ¶ 28. Conversely, a sentence imposed contrary to a statute is void ab initio. Id. ¶ 29, fn.3.
 {¶ 16} In the case sub judice, it is clear that a trial court's failure to notify a defendant about post-release control at the time of the original sentencing as statutorily mandated renders the sentence void. See Jordan, 104 Ohio St.3d at ¶ 25 and its progeny. Thus, the State's failure to appeal an illegal or void sentence does not negate the trial court's duty to impose sentences according to law or to resentence a defendant to correct a void sentence. Ramey, 2006-Ohio-6429
at ¶ 12, citing State v. Thomas (1996), 111 Ohio App.3d 510, 512, appeal not allowed, 77 Ohio St.3d 1469; see, also, State v. Creager, 12th Dist. No. 2007-01-007, 2007-Ohio-5188, at ¶ 12; State v. Phillips, 3d Dist. No. 8-06-14, 2007-Ohio-686, at ¶ 28. Additionally, R.C. 2929.191
authorizes a court to resentence an offender "at any time before the offender is released from imprisonment" and, therefore, is not *Page 9 
limited to doing so only on direct appeal by the State. See, e.g.,State v. Sharpless, 11th Dist. No. 2006-P-0088, 2007-Ohio-1922, at ¶ 40. Because the trial court's failure to notify Lange about post-release control at the time of his original sentencing was void, we find that the State did not forfeit the issue by failing to raise it on direct appeal.
 {¶ 17} Accordingly, we overrule Lange's fourth assignment of error.Assignment of Error No. III
 {¶ 18} In his third assignment of error, Lange asserts that, if the trial court is authorized to impose post-release control at a later date when it failed to do so at the original sentencing, the proper procedure is a new, complete sentencing hearing.
 {¶ 19} R.C. 2929.191(C) requires a trial court to conduct a resentencing hearing in order to notify felony offenders about post-release control before their prison terms expire. However, in doing so the General Assembly did not specify whether the resentencing hearing was to be a de novo resentencing of the entire sentence or whether addressing the sole issue of post-release control would suffice. Thereafter, the Supreme Court of Ohio clarified the issue by holding that, "when a trial court fails to notify an offender that he may be subject to post-release control at a sentencing hearing * * *, the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court *Page 10 
must resentence the offender as if there had been no original sentence."State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, at ¶ 16.
 {¶ 20} Here, Lange correctly asserts that the trial court was required to conduct a new and complete resentencing hearing. However, the trial court did conduct a new, complete resentencing hearing in July 2007 pursuant to Bezak and R.C. 2929.191(C) before issuing its July 2007 corrective judgment entry. Thus, we find that the trial court complied with Bezak and R.C. 2929.191(C).
 {¶ 21} Accordingly, we overrule Lange's third assignment of error.
 Assignment of Error No. V {¶ 22} In his fifth assignment of error, Lange asserts that R.C.2929.191 is unconstitutional because it violates the one-subject rule, the due process clause, and the double jeopardy clause of the United States and Ohio Constitutions. Specifically, Lange contends that R.C.2929.191 violates the one-subject rule because it was added on to a bill involving the sealing of juvenile records and that it violates the due process and double jeopardy clauses because it increases the punishment for a defendant after the time for appeal has run. We disagree.
 {¶ 23} Statutes are presumed to be constitutional. State v.Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, at ¶ 7. Thus, a court may not declare a statute to be unconstitutional unless it appears beyond a reasonable doubt that "the legislation *Page 11 
and constitutional provisions are clearly incompatible." Id., citingState ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus.
 {¶ 24} The one-subject rule is set forth in Section 15(D), Article II
of the Ohio Constitution, which provides that "[n]o bill shall contain more than one subject, which shall be clearly expressed in its title * * *." The purpose of the one-subject rule is to prevent the tactic of "logrolling," which occurs when legislators combine several distinct proposals into a single bill in order to gain passage, even though no single proposal may have obtained majority approval separately.State ex rel. Ohio Civ. Serv. Employees Assn., AFSCME, Local 11, AFL-CIOv. State Emp. Relations Bd, 104 Ohio St.3d 122, 2004-Ohio-6363, at ¶ 26, (citations omitted).
 {¶ 25} However, to avoid interference with the legislative process, a court's role in enforcing the one-subject rule is limited. Id. at ¶ 27. Thus, "`[t]he mere fact that a bill embraces more than one topic is not fatal, as long as a common purpose or relationship exists between the topics.'" State ex rel. Ohio Academy of Trial Lawyers v. Sheward,86 Ohio St.3d 451, 496, 1999-Ohio-123, quoting Hoover v. Franklin Cty Bd.of Commrs. (1985), 19 Ohio St.3d 1, 6. Accordingly, only "a manifestly gross and fraudulent violation of the one-subject provision * * * will cause an enactment to be invalidated." In re Nowak, 104 Ohio St.3d 466,2004-Ohio-6777, at ¶ 54. To determine whether a manifestly gross and fraudulent *Page 12 
violation has occurred, courts need not look beyond the unnatural combinations themselves. Instead, "`an analysis of any particular enactment is dependent upon the particular language and subject matter of the proposal,' rather than upon extrinsic evidence of logrolling, and thus `an act which contains such unrelated provisions must necessarily be held to be invalid in order to effectuate the purpose of the rule.'" Id. at ¶ 71, quoting State ex rel. Dix v. Celeste (1984),11 Ohio St.3d 141, 143, 145.
 {¶ 26} Here, Lange first argues that R.C. 2929.191 violates the one-subject rule because it was added on to a bill involving the sealing of juvenile records. The General Assembly enacted R.C. 2929.191 under Am. Sub. H.B. 137, which was titled "Delinquent and Unruly Children — Sealed Records — Post-Release Control Law." The bill contained several procedural and remedial provisions regarding both juvenile and adult criminal justice issues. Upon reviewing the language of Am. Sub. H.B. 137, we cannot find that the provisions are so unrelated as to constitute a manifestly gross or fraudulent violation of the one-subject rule. Although the bill contains provisions regarding both juvenile delinquency matters and adult criminal matters, they involve a common theme-criminal justice matters — and are all procedural or remedial in nature. Thus, we find that R.C. 2929.191 does not violate the one-subject rule. *Page 13 
 {¶ 27} Next, Lange argues that R.C. 2929.191 violates the due process and double jeopardy clauses because it increases the punishment for a defendant after the time for appeal has run. Basically, Lange reiterates the same argument that we rejected in his first and second assignments of error, and we reject it here for the same reasons. Notice of post-release control is a statutorily mandated term of a sentence and correction of a void sentence for failure to include such statutory notice does not somehow enhance the punishment or violate the constitution. Sharpless, 2007-Ohio-1922 at ¶ 36. Nor was such resentencing unforeseeable after Jordan and its progeny. State v.Ryan, 172 Ohio App.3d 281, 2007-Ohio-3092, at ¶ 19. Indeed, the procedure set forth in R.C. 2929.191 codified, and is basically consistent with, Supreme Court of Ohio precedent on this issue, as recognized with approval in Cruzado, 111 Ohio St.3d at ¶ 29. See, also,Bezak, supra.
 {¶ 28} Accordingly, we overrule Lange's fifth assignment of error.
 {¶ 29} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J. and PRESTON, J., concur.
[1] We note that the requirement under R.C. 2929.191(A)(2) that a trial court issue an entry nunc pro tunc is technically incorrect because "nunc pro tunc entries `are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided." State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, at ¶ 19, citing State ex re. Mayer v. Henson,97 Ohio St.3d 276, 2002-Ohio-6323, ¶ 14, quoting State ex rel. Fogle v.Steiner (1995), 74 Ohio St.3d 158, 164.
[2] The Court also emphasized that a waiver and a forfeiture are not interchangeable and that a waiver is an "intentional relinquishment or abandonment of a right," whereas a forfeiture is "a failure to preserve an objection." Payne, 114 Ohio St.3d at ¶ 23. Forfeiture is the appropriate term in this case. *Page 1