[Cite as *State v. Shinholster*, 2015-Ohio-5098.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

CHRISTOPHER SHINHOLSTER

    Appellant

C.A. No.     27687

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2009-07-2264A

DECISION AND JOURNAL ENTRY

Dated: December 9, 2015

---

HENSAL, Presiding Judge.

{¶1} Defendant-Appellant, Christopher Shinholster, now appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Following a jury trial, Mr. Shinholster was convicted of one count of possession and one count of trafficking in regard to an amount of cocaine that equaled or exceeded 1,000 grams. Each count contained an attendant major drug offender specification, and the trial court found him guilty of both specifications. The court sentenced Mr. Shinholster to a mandatory term of ten years on his possession count and a mandatory term of five years on the major drug offender specification linked to that count. Likewise, the court sentenced him to a mandatory term of ten years on his trafficking count and a mandatory term of five years on the major drug offender specification linked to that count. The court ordered each of the five-year terms to run consecutively to each of the ten-year terms, but ordered the resulting 15-year terms to run

concurrently for a total sentence of 15 years in prison. On direct appeal, this Court affirmed Mr. Shinholster's convictions. *See State v. Shinholster*, 9th Dist. Summit No. 25328, 2011-Ohio-2244. The Ohio Supreme Court declined to hear his appeal, and this Court denied his application for reopening.

{¶3} Subsequently, Mr. Shinholster filed a writ of habeas corpus in the United States District Court for the Northern District of Ohio. The district court denied the writ, but the Sixth Circuit Court of Appeals determined that one of Mr. Shinholster's grounds for relief had merit. *See Shinholster v. Bradshaw*, 6th Cir. No. 14-3026 (Nov. 26, 2014). Specifically, it agreed that his appellate counsel was ineffective for not assigning as error that he had been convicted of allied offenses of similar import. Because the Sixth Circuit determined that Mr. Shinholster's possession and trafficking counts were allied offenses under Ohio law, it reversed the district court's judgment in part and remanded the matter to the district court for further proceedings. On remand, the district court granted the writ on the basis that Mr. Shinholster had been convicted of allied offenses. *See Shinholster v. Bradshaw*, N.D.Ohio No. 5:12 CV 2495 (Dec. 18, 2014). The district court ordered the trial court, within 90 days, "to determine which of [Mr. Shinholster's] two convictions and concurrent sentences to vacate."

{¶4} Following the district court's order, the trial court scheduled the matter for a hearing and appointed counsel for Mr. Shinholster. Eight days later, Mr. Shinholster filed a pro se motion entitled "Memorandum of House Bill 86's Impact on Resentencing Hearing." The thrust of his motion was that, when resentencing him, the court had to apply the more lenient sentencing laws that went into effect after his original sentence. The court, however, declined to conduct a de novo sentencing hearing. Instead, the court informed the parties that, pursuant to the order of the federal district court, it would simply vacate a portion of Mr. Shinholster's

sentence once the State elected the offense on which it wished to proceed. Because the State elected to proceed on Mr. Shinholster's trafficking offense, the court left intact his 15-year sentence on that offense and its attendant specification and vacated the 15-year sentence that it had imposed upon him for the offense of possession and its attendant specification.

{¶5} Mr. Shinholster now appeals from the court's judgment and raises three assignments of error for our review. For ease of analysis, we consolidate two of the assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO CONDUCT A DE NOVO RESENTENCING HEARING TO REMEDY THE ALLIED-OFFENSE SENTENCING ERROR IDENTIFIED BY THE SIXTH CIRCUIT COURT OF APPEALS.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FAILING TO APPLY THE LAW AS ESTALBISHED [SIC] UNDER OHIO HOUSE BILL 86 TO DEFENDANT'S RESENTENCING HEARING.

{¶6} In his first and second assignments of error, Mr. Shinholster argues that the court erred when, upon remand from the federal district court, it did not conduct a de novo sentencing hearing and sentence him based upon the sentencing laws in effect at the time of the hearing. We disagree.

{¶7} If a trial court sentences an offender on allied offenses of similar import, the resulting sentence is contrary to law, but it is not void. *State v. Wilson*, 9th Dist. Summit No. 27361, 2015-Ohio-2023, ¶ 11. The error merely renders the sentence voidable and subject to correction. *See id.* When a reviewing court reverses a judgment as a result of an allied offense error, the court generally will vacate the affected portion of the sentence and remand the matter

for a de novo sentencing hearing at which the State will elect the offense(s) upon which it wishes to proceed. *See State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 13-15; *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, paragraphs one and two of the syllabus. Even so, "a number of discretionary and mandatory limitations may apply to narrow the scope of a particular resentencing hearing." *Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, at ¶ 15. For example, "the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *Id.*, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph three of the syllabus. *See also State v. Stovall*, 9th Dist. Medina No. 07CA0027-M, 2008-Ohio-272, ¶ 5 (apart from correcting void sentences and clerical errors, trial courts lack authority to reconsider their own valid final judgments).

{¶8} When issuing a writ of habeas corpus, "the choice of habeas remedy lies within the district court's sound discretion * * *." *Gentry v. Deuth*, 456 F.3d 687, 697 (6th Cir.2006). Here, the district court chose to remand this matter to the trial court with an instruction to the court to vacate one of Mr. Shinholster's convictions. Mr. Shinholster did not appeal from the district court's ruling so as to challenge its choice of remedy, so he cannot now contest it. *See Ford Motor Credit Co., L.L.C. v. Collins*, 8th Dist. Cuyahoga No. 101405, 2014-Ohio-5152, ¶ 17 ("Ohio constitutional and statutory law provides that [state appellate courts] have no jurisdiction to * * * review federal district court decisions."), citing *State v. Fawcett*, 91 Ohio St.3d 1, 3 (2000) and *Sundstrom v. Sundstrom*, 11th Dist. Ashtabula No. 2005-A-0013, 2006-Ohio-486, ¶ 31. Moreover, the trial court could not simply ignore the district court's mandate and conduct his resentencing as it saw fit. *See generally Gentry* at 696-697; *State v. Slagle*, 2d Dist. Montgomery No. 23934, 2012-Ohio-1575, ¶ 42; *Hegedus v. Hegedus*, 8th Dist. Cuyahoga No. 42268, 1980 WL 355471, *1 (Dec. 24, 1980). The district court's order essentially constituted a

mandatory limitation on the scope of Mr. Shinholster's particular resentencing hearing. *See Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, at ¶ 15.

{¶9} Unlike the defendants in the allied offense cases upon which he relies, Mr. Shinholster exhausted his state court remedies without obtaining a reversal of his judgment of conviction. Accordingly, no court in this State vacated any portion of his sentence or remanded this matter for a de novo sentencing hearing. Had Mr. Shinholster's judgment of conviction been reversed and his sentences vacated pursuant to that determination, the trial court would have been obligated to conduct a de novo sentencing. *See id.* at ¶ 13-15. However, Mr. Shinholster obtained relief through a writ of habeas corpus, and, in granting his writ, the district court did not vacate any portion of his sentence. Instead, the district court ordered the trial court, within 90 days, "to determine which of [his] two convictions and concurrent sentences to vacate." By allowing the State to elect the offense upon which it wished to proceed and then vacating Mr. Shinholster's other offense, the trial court complied with the mandate of the district court and did not exceed its authority upon remand. Mr. Shinholster has not shown that the trial court erred by resentencing him in accordance with the federal district court's mandate. *See* App.R. 16(A)(7). Accordingly, his first and second assignments of error are overruled.

ASSIGNMENT OF ERROR III

> THE TRIAL COURT COMMITED [SIC] REVERSABLE [SIC] ERROR WHEN IT DENIED DEFENSE COUNSEL'S REQUEST FOR A CONTINUANCE TO REVIEW THE FEDERAL COURT'S GRANT OF HABEAS CORPUS AND THE MEMORANDUM FILED PRO SE BY SHINHOLSTER REGARDING HOUSE BILL 86.

{¶10} In his third assignment of error, Mr. Shinholster argues that the trial court erred when it did not give his appointed counsel additional time to review the pro se motion he filed,

which was entitled "Memorandum of House Bill 86's Impact on Resentencing Hearing." We disagree.

**{¶11}** "Because the decision to grant or deny a continuance lies within the sound discretion of the trial court, such decision will not be reversed absent a showing of an abuse of discretion." *State v. Bennett*, 9th Dist. Lorain No. 12CA010286, 2014-Ohio-160, ¶ 22. An abuse of discretion connotes that a trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶12}** The record reflects that Mr. Shinholster's appointed counsel asked the court for a continuance strictly to review the pro se motion that Mr. Shinholster had filed. The thrust of the motion was that, in resentencing him, the trial court should apply the more lenient sentencing laws that the legislature had enacted since his original sentence. As previously noted, however, this matter was not remanded to the trial court for it to conduct a de novo sentencing. Instead, the federal district court ordered the trial court to vacate one of Mr. Shinholster's allied offense convictions. Because the trial court was limited to simply vacating one of his convictions, we cannot say it was unreasonable for the court to refuse to continue the matter so that Mr. Shinholster's counsel could review a motion that related solely to a de novo sentencing.

**{¶13}** Moreover, Mr. Shinholster filed his pro se motion eight days after the trial court appointed counsel to represent him. "[T]his Court has concluded that a defendant who is represented by counsel may not file pro se motions." *State v. Burks*, 9th Dist. Summit No. 27423, 2015-Ohio-1246, ¶ 9. A defendant does not have a right to dual representation and such motions are "not properly before the trial court." *State v. Rice*, 9th Dist. Medina No. 08CA0054-M, 2009-Ohio-5419, ¶ 8. Accordingly, even if the trial court had given Mr. Shinholster's

counsel additional time to review the pro se motion, the motion was not properly before the court. *See id.* Mr. Shinholster's third assignment of error is overruled.

III.

**{¶14}** Mr. Shinholster's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

JENNIFER A. CUNDIFF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.