[Cite as *State v. Barnette*, 2020-Ohio-6817.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LORENZA BARNETTE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0114**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 09 CR 1122

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed, Vacated, and Remanded

---

*Atty. Paul Gains*, Prosecutor and *Atty. Ralph Rivera,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Lynn Maro*, Maro & Schoenike Co., 7081 West Boulevard, Suite 4, Youngstown, Ohio 44512, for Defendant-Appellant.

Dated:
December 18, 2020

**Donofrio, J.**

{¶1}     Defendant-appellant, Lorenza Barnette, appeals from a Mahoning County Common Pleas Court judgment in which the trial court imposed post release control on the sentence appellant was serving for two counts of aggravated murder, two counts of kidnapping, and arson.

{¶2}     In 2011, following a jury trial, appellant was found guilty of the murders of Jaron Roland and Darry Woods by smothering and binding the victims with duct tape and plastic while committing or attempting to commit a robbery, suffocating them to death. The jury also found that appellant kidnapped Roland and Woods and lit a rental car on fire. The trial court subsequently sentenced appellant to life in prison without the possibility of parole for each of the two aggravated murders, ten years in prison for each of the two kidnappings, and 18 months in prison for the arson. The court ordered appellant to serve the sentences consecutively. Appellant appealed to this court. We affirmed his conviction. See *State v. Barnette*, 7th Dist. Mahoning No. 11 MA 196, 2014-Ohio-5673.

{¶3}     Appellant then filed a delayed motion for a new trial, which the trial court overruled. Again, appellant appealed to this court. We affirmed the trial court's judgment denying appellant's motion for a new trial. See *State v. Barnette*, 7th Dist. Mahoning No. 15 MA 0160, 2016-Ohio-3248.

{¶4}     Next, appellant filed a petition to vacate a void judgment challenging the trial court's jurisdiction. The trial court denied this motion and appellant appealed. Once again, this court affirmed the trial court's judgment. See *State v. Barnette*, 7th Dist. Mahoning No. 17 MA 0027, 2017-Ohio-9074.

{¶5}     Appellant went on to file numerous pro se motions in the trial court including a motion for reconsideration of sentence, another motion for a new trial, and a claim of false imprisonment, all of which the trial court overruled.

{¶6}     At some point after that, the trial court sua sponte scheduled a resentencing hearing. On April 30, 2019, the trial court held the resentencing hearing.

Case No. 19 MA 0114

Apparently, at the original sentencing hearing, the trial court failed to impose a mandatory five-year term of post release control on appellant's kidnapping sentences. At the resentencing hearing, the court imposed a mandatory five-year period of post release control and explained the post release control terms. It then ordered that all other aspects of appellant's sentence would remain in effect. The trial court entered its judgment on September 17, 2019.

{¶7}     Appellant filed a timely notice of appeal on October 16, 2019. He now raises a single assignment of error for our review.

{¶8}     Appellant's sole assignment of error states:

> THE TRIAL COURT ERRED IN MODIFIFYING APPELLANT'S SENTENCE TO ADD POST-RELEASE CONTROL, AS THE COURT WAS WITHOUT JURISDICTION TO DO SO.

{¶9}     Appellant argues that pursuant to the Ohio Supreme Court's recent decision in *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, the trial court improperly imposed post release control. Appellant argues that the trial court lacked authority to reconsider its own final judgment. He asserts the trial court had no basis to sua sponte hold a resentencing hearing and to impose a new sanction onto his sentence.

{¶10}     R.C. 2929.191(C) provides that on and after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in R.C. 2929.191(A)(1) or (B)(1) shall not issue the correction until after the court has conducted a hearing with notice and an opportunity to be heard. The type of corrections described in R.C. 2929.191(A)(1) and (B)(1) are to correct sentencing judgments that failed to give proper post release control notifications.

{¶11}     In *Harper*, the trial court sentenced Harper to a prison term and imposed the mandatory post release control period. *Id.* at ¶ 8. But the court failed to include the consequences of violating post release control in the sentencing entry. *Id.* Harper did not file a direct appeal to challenge his sentence. *Id.* He completed his sentence and was placed on post release control. *Id.*

{¶12}     Harper was later charged with violating the conditions of his post release control. *Id.* at ¶ 9. He moved to vacate the post release control portion of his sentence,

alleging that it was void because the sentencing entry failed to state the consequences of violating post release control as required by the Ohio Supreme Court's decision in *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700. *Id.* The trial court denied Harper's motion and he appealed. The Tenth District affirmed the denial of Harper's motion to vacate, but remanded the matter to the trial court with instructions to enter a nunc pro tunc entry to include the "consequences" language. *Id.* at ¶ 10.

{¶13} The Ohio Supreme Court accepted the case for review. The Court first commented on void versus voidable judgments:

> A defendant's ability to challenge an entry at any time is the very essence of an entry being void, not voidable. See *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, at ¶ 35 (DeWine, J., concurring in judgment only). If the entry were merely voidable, res judicata would apply. See *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. Therefore, the appellate court did hold the judgment entry below void.

*Id.* at ¶ 18. The Court went on to discuss cases involving the failure to give proper post release control notifications and whether they involved void or voidable judgments. This led the Court to conclude that "contrary to these time-honored principles [of finality of judgements], our void-sentence jurisprudence has invited continued relitigation of the validity of a sentence—sometimes more than a decade after sentencing[.]" *Id.* at ¶ 37.

{¶14} The Court then overruled its precedent to the extent it held that the failure to properly impose post release control in the sentence renders that part of the defendant's sentence void. *Id.* at ¶ 40. It did so because "noncompliance with requirements for imposing post release control is best remedied the same way as other trial and sentencing errors—through timely objections at sentencing and an appeal of the sentence." *Id.*

{¶15} Based on the above, in Harper's case, the Court determined that any error in imposing post release control sanctions in his sentence was an error in the exercise of the trial court's jurisdiction, which could have been objected to at trial and that may have been reversible error on direct appeal. *Id.* at ¶ 41. But the Court noted that any such

error did not render any part of Harper's sentence void. *Id.* It went on to reason that because Harper could have raised his argument that the trial court failed to properly impose post release control on appeal, it was now barred by the doctrine of res judicata. *Id.*

{¶16} The facts of this case are different from those in *Harper,* however. Importantly, Harper had already completed his sentence and was serving his term of post release control. In this case, appellant is still incarcerated.

{¶17} This difference is significant because pursuant to R.C. 2929.191(A)(1), if, prior to July 11, 2006, a court imposed a prison sentence and failed to notify the offender that he or she will be supervised under post release control after leaving prison or to include a statement to that effect in the judgment of conviction entered, at any time before the offender is released from imprisonment and at a hearing, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised on post release control under R.C. 2967.28 after the offender leaves prison.

{¶18} R.C. 2929.191(C) added requirements for judgments on or after July 11, 2006:

On and after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the

prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

{¶19}   Thus, pursuant to R.C. 2929.191 a trial court may correct a judgment entry of conviction to include the proper notice of post release control as long as the offender has not yet completed his or her prison term and the court follows the statutory notice and hearing requirements.

{¶20}   Because in this case appellant is still serving his prison term, the trial court was statutorily authorized to hold a hearing for the very limited purpose of imposing the term of post release control.  In *Harper*, however, that was not the case.

{¶21}   Appellant argued during oral arguments that the trial court actually held a resentencing hearing, which it was not authorized to hold, instead of a narrow hearing on the issue of post release control.  Appellant requested that we remand this matter with instructions to the trial court to hold another, limited hearing only on the issue of post release control.

{¶22}   Appellant argued at oral argument that because of the language of the trial court's judgment entries, he was prepared to present arguments as if being resentenced.

{¶23}   In two judgment entries leading up to the hearing, the trial court referred to the scheduled hearing as a "sentencing hearing" (January 23, 2019 JE1) and as a "Resentencing" (January 23, 2019 JE2).  Appellant's arguments are also supported by the transcript of the hearing where he and his counsel made arguments regarding jurisdiction and where appellant asserted his innocence.  (Apr. 30, 2019 Tr. 4-8).  Moreover, during the hearing, the trial court referred to it as a "resentencing hearing on the post-release control issue."  (Apr. 30, 2019 Tr. 9).  The court then stated that it considered the record, the principles and purposes of sentencing under R.C. 2929.11, and had balanced the seriousness and recidivism factors under R.C. 2929.12, which are all considerations for felony sentencing.  (Apr. 30, 2019 Tr. 9).

{¶24}   The trial court referred to the hearing on multiple occasions, both before and during the hearing, as a resentencing hearing.  This conveyed to appellant that he was being resentenced.  Furthermore, the court stated at the hearing that it was considering the statutory felony sentencing factors.  Thus, the trial court went beyond the authority

granted to it by R.C. 2929.191 to hold a limited hearing to impose a term of post release control.

{¶25} Accordingly, appellant's sole assignment of error has merit and is sustained.

{¶26} For the reasons stated above, the trial court's judgment is hereby reversed and vacated. The matter is remanded for the limited purpose to allow the trial court to hold a notification of post release control hearing in accordance with R.C. 2929.191.

Robb, J., concurs.

D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed and vacated. We hereby remand this matter for the limited purpose to allow the trial court to hold a notification of post release control hearing in accordance with R.C. 2929.191. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

_____

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**