**[Cite as *State v. Harris*, 2022-Ohio-3310.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210661 |
| | | TRIAL NO. B-0402915 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| FRED HARRIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:    September 21, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

**MYERS, Presiding Judge**.

{¶1} Defendant-appellant Fred Harris appeals a nunc pro tunc sentencing entry incorporating his specific postrelease-control obligations after serving his sentence. Ultimately, we find no merit in his sole assignment of error, and we affirm the trial court's judgment.

{¶2} On February 14, 2005, Harris pleaded no contest to and was convicted of two counts of attempted murder, three counts of felonious assault, one count of carrying a concealed weapon, and one count of escape. The attempted-murder counts and the felonious-assault counts had accompanying firearm specifications. Harris was sentenced to a total of 18 years in prison. The judgment entry stated, "As part of the sentence in this case, the defendant is subject to the post release control supervision of R.C. 2967.28." Because we do not have a transcript from the original hearing, we cannot determine whether Harris was properly informed of his postrelease-control obligations. The entry, however, did not go into specifics.

{¶3} In 2007, Harris attempted to appeal those convictions. This court dismissed the appeal because Harris failed to file a docket statement. Ten years later, in April 2017, Harris filed a motion for a delayed appeal under App.R. 5 seeking review of the trial court's sentencing entry of February 14, 2005. We denied his motion and dismissed the appeal.

{¶4} After his convictions in 2005, Harris filed numerous pro se motions with the trial court, all of which were denied. On November 10, 2021, the trial court appointed counsel to represent Harris. Subsequently, the court held a hearing on the issue of postrelease control. Harris argued that because the state had not appealed from the original judgment entry, the court lacked the authority to impose postrelease control, and the issue was res judicata.

{¶5} The state argued that the court had authority to correct the judgment entry under R.C. 2929.191, which sets forth procedures to correct a sentence that fails

to properly impose a term of postrelease control. *See* S*tate v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 23; *State v. Williams*, 1st Dist. Hamilton No. C-081148, 2010-Ohio-1879, ¶ 21. For sentences imposed after July 11, 2006, the effective date of the statute, those procedures contemplate only a correction of the postrelease-control defect and not a de novo resentencing. *State v. Brown*, 1st Dist. Hamilton Nos. C-100309 and C-110310, 2011-Ohio-1029, ¶ 8. Harris was originally sentenced before the effective date of the statute. For sentences imposed before that date, R.C. 2929.191 requires a trial court to hold a hearing informing the offender that he would be subject to postrelease control, the terms of postrelease control, and the consequences of violating the terms of postrelease control.

{¶6} The trial court found that R.C. 2929.191 applied to Harris. It advised Harris that when he was released from prison, he would be subject to (1) five years of mandatory postrelease control on the two counts of attempted murder and one of the counts of felonious assault, (2) three years of mandatory postrelease control on the other two counts of felonious assault and escape count, and (3) three years of discretionary postrelease control on the count of carrying a concealed weapon. The court also informed Harris of the consequences for violating the terms of his postrelease control. On December 9, 2021, the court journalized an entry nunc pro tunc to February 14, 2005, specifying the terms of postrelease control. Harris has filed a timely appeal from that judgment.

{¶7} In his sole assignment of error, Harris contends that the trial court's judgment is contrary to law. He argues that because neither he nor the state appealed the trial court's original entry, the trial court lacked jurisdiction to alter the entry with respect to postrelease control, and the clarification or addition is barred by res judicata. This assignment of error is not well taken.

{¶8} Former R.C. 2967.28(B), in effect at the time of the offense, required prison sentences for felonies to include a mandatory or discretionary term of

3

postrelease control after the offender is released from prison. Former R.C. 2967.28(B) and (C) identified the length of the term of postrelease-control supervision for each degree of felony.

{¶9}  Under former R.C. 2929.19(B), the trial court had a mandatory duty to provide notice of postrelease control at the sentencing hearing. *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 10-11, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. The court was required to notify the defendant at the sentencing hearing of the term of supervision, whether postrelease control was discretionary or mandatory and the consequences of violating postrelease control. *Bates* at ¶ 11, citing *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 11. The court was also required to incorporate the same information in the sentencing entry. *Bates* at ¶ 12. As stated, we do not know whether the trial court correctly informed Harris of his postrelease-control obligations at the original sentencing hearing. We do know that the entry was insufficient.

{¶10}  Prior to 2020, the Ohio Supreme Court held in series of cases beginning with *Jordan*, that the trial court's failure to validly impose postrelease control rendered the sentence void and subject to correction at any time before the offender was released from prison. *Bates* at ¶ 12. In response to those cases, the legislature enacted R.C. 2929.191. S*tate v. Ryan*, 172 Ohio App.3d 281, 2007-Ohio-3092, 874 N.E.2d 853, ¶ 10-14 (1st Dist.). It established procedures to correct a sentence that failed to properly impose a term of postrelease control. *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 23; *Williams*, 1st Dist. Hamilton No. C-081148, 2010-Ohio-1879, at ¶ 21. Which procedure applied depended upon whether the offender was sentenced before or after July 11, 2006, the effective date of the statute.

{¶11}  Subsequently, the Ohio Supreme Court held that R.C. 2929.191 could not be applied retroactively. *Singleton* at ¶ 26; *Williams* at ¶ 21. Therefore, for sentences imposed before July 11, 2006, the effective date of the statute, the trial court

must "conduct a de novo sentencing hearing in accordance with decisions of Supreme Court of Ohio." *Singleton* at paragraph one of the syllabus. Relying on its previous decisions that declared sentences in which it held that postrelease control was not properly imposed void, the court stated,

> R.C. 2929.191 purports to authorize application of the remedial procedure set forth therein to add postrelease control to sentences imposed before its effective date. We recognize the General Assembly's authority to alter our caselaw's characterization of a sentence lacking postrelease control as a nullity and to provide a mechanism to correct the procedural defect by adding postrelease control at any time before the defendant is released from prison. However, for sentences imposed prior to the effective date of the statute, there is no existing judgment for a sentencing court to correct. [R.C. 2929.191] cannot retrospectively alter the character of sentencing entries issued prior to its effective date that were nullities at their inception, in order to render them valid judgments subject to correction. Therefore, for criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, the de novo sentencing procedure detailed in decisions of the Supreme Court of Ohio should be followed to properly sentence an offender.

*Id.* at ¶ 26.

**{¶12}** The court later clarified that when a trial court does not properly impose postrelease control as part of a defendant's sentence, only that part of the sentence is void, not the entire sentence. *Brown*, 1st Dist. Hamilton Nos. C-100309 and C-100310, 2011-Ohio-1029, at ¶ 9. Therefore, the new sentencing hearing to which the offender is entitled is limited to the proper imposition of postrelease control. *State v.*

5

*Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus; *Brown* at ¶ 10.

**{¶13}** In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, the Ohio Supreme Court overruled the line of cases in which it had held that a trial court's failure to validly impose postrelease control rendered that part of the sentence void. It stated, "Today, we realign our precedent in cases involving the imposition of postrelease control with the traditional understanding of what constitutes a void judgment." *Id.* at ¶ 4. The court held that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." *Id.*

**{¶14}** Harris argues that under *Harper*, the failure to correctly impose postrelease control rendered that part of the sentence voidable, and because the state did not raise the issue on direct appeal, it is res judicata. He relies heavily on *Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610.

**{¶15}** In *Bates*, the original sentencing occurred in 2008, after the effective date of R.C. 2929.191. The trial court failed to notify the defendant that postrelease control was mandatory and the consequences of violating postrelease control. Neither the state nor the defendant raised the issue of postrelease control on direct appeal. In 2018, the state raised the issue at a sexual-predator-classification hearing. At that time, the trial court notified the defendant about postrelease control. Subsequently, the court journalized a sentencing entry incorporating those notifications.

**{¶16}** The defendant appealed and challenged the postrelease-control portion of the sentence. The appellate court affirmed the trial court's decision. The defendant appealed to the Ohio Supreme Court, which vacated the 2018 entry to the extent that it imposed postrelease control. The court held that the state was the party aggrieved

6

by the trial court's failure to properly impose postrelease control. *Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, at ¶ 20-22. It held that *Harper* applied to the state as well as the defendant, and because the state had failed to raise the issue on direct appeal it was barred by res judicata. *Id*. at ¶ 23-25.

{¶17} One of the dissents in *Bates* stated that R.C. 2929.191 applied, and that it granted the trial court authority to hold a hearing and issue a corrected judgment entry. *Id*. at ¶ 45. In response, the majority opinion stated that "R.C. 2929.191 does not provide a resolution in this case * * *." It acknowledged that R.C. 2929.191 "provides a procedure to correct a court's failure to validly impose postrelease control." *Id*. at ¶ 30. But the statute required the trial court to hold a hearing and provide proper notice of that hearing, which had not occurred in *Bates*. The court therefore did not address the issue presented in this case: whether postrelease control can be clarified by following the proper procedures under R.C. 2929.191 when the issue was not raised on direct appeal. We also note that the court declined to "address the effect of the trial court's improper imposition of postrelease control on the [Adult Parole Authority's] ability to supervise Bates based on the facts and arguments" before them. *Id*. at 30-31.

{¶18} It can be argued that the majority in *Bates* believed that R.C. 2929.191 was not operative after *Harper*. The opinion indicates that the majority did not agree with the second dissenter's statements that the court "need look no further than the plain language of Ohio's statutes" to decide the case, and that if the court "simply follow[ed] the statutes," the case would be easily resolved. *Id*. at ¶ 45 and 66 (Dewine, J., dissenting). Further, if the majority believed that the statute still applied, it could have remanded the case to the trial court to hold the hearing required by R.C. 2929.191(C), rather than conclude that the issue was not properly before it.

{¶19} Nevertheless, the court did not hold that R.C. 2929.191 does not apply post-*Harper*, and specifically noted that the trial court failed to follow the procedures

7

in R.C. 2929.191. Following *Harper*, the failure to properly impose postrelease control renders the sentence voidable in that regard, and not void, meaning that the parties must raise it on direct appeal. But that requirement does not necessarily mean that the statute is no longer operative.

**{¶20}** In this case, we agree with state's position that R.C. 2929.191 applies, and that the trial correctly followed the procedures in the statute. Harris has not claimed that the statue is unconstitutional or repealed. Rather, he argues that after *Harper*, the doctrine of res judicata renders it inoperative.

**{¶21}** This court cannot simply ignore the statute or declare it inoperative. The General Assembly's role is to enact legislation. *See In re Estate of Centorbi*, 129 Ohio St.3d 78, 2011-Ohio-2267, 950 N.E.2d 505, ¶ 11. The judiciary does not share the responsibility of establishing legislative policies or second-guessing those policies. Courts are charged with determining the constitutionality of statutes enacted by the legislature. *Stetter v. R.J. Corman Derailment Servs., LLC*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 35; *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536, ¶ 19 (8th Dist.). "The judgment of the judiciary is not to be substituted for that of the legislature when an issue is fairly debatable so that reasonable minds can differ." *Cent. Motors Corp. v. Pepper Pike*, 73 Ohio St.3d 581, 586-587, 653 N.E.2d 639 (1995), quoting *Gerijo v. Fairfield*, 70 Ohio St.3d 223, 229, 638 N.E.2d 533 (1994).

**{¶22}** The legislature enacted R.C. 2929.191 in response to the Ohio Supreme Court's cases holding that the failure of the trial court to properly impose postrelease control rendered that part of the sentence void. That line of cases has now been overruled, but the statute is still in place. The legislature has not amended or repealed it, and the Supreme Court has not squarely addressed its continued viability, noting instead only that the procedure was not properly followed in *Bates*. We conclude that R.C. 2929.191 remains viable, allowing the court to address the issue of postrelease control postsentence.

**{¶23}** We cannot substitute our judgment for that of the legislature. We note that two other appellate courts have also indicated that the statute still applies after *Harper*. *See State v. Patterson*, 3d Dist. Hancock No. 5-20-32, 2021-Ohio-1237; *State v. Barnette*, 7th Dist. Mahoning No. 19 MA 0114, 2020-Ohio-6817. Consequently, we hold that the trial court did not err in finding that R.C. 2929.191 applied to Harris and following the procedures set forth in the statute. We overrule Harris's sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.