[Cite as *State v. Rarden*, 2025-Ohio-5798.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO, :

    Appellee, :      CASE NOS.  CA2025-03-027
                                        CA2025-03-028
                              :

- vs -                                 OPINION AND
                            :      JUDGMENT ENTRY
                                      12/30/2025

LONNIE RARDEN, :

    Appellant. :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2006-07-1271; CR2006-09-1593

Michael T. Gmoser, Butler County Prosecuting Attorney, and John S. Heinkel, Assistant Prosecuting Attorney, for appellee.

Lonnie Rarden, pro se.

## **O P I N I O N**

**BYRNE, P.J.**

{¶ 1} Lonnie Rarden appeals from the decision of the Butler County Court of Common Pleas, General Division, which denied his pro se motion for resentencing. For the reasons discussed below, we affirm the trial court's decision.

## I. Factual and Procedural Background

**{¶ 2}** In 2006, Rarden was indicted and charged with several felonies and misdemeanors, including one count of felony escape, two counts of felony complicity to perjury, and one count of felony complicity to tampering with evidence. A jury found Rarden guilty of all charges and the trial court sentenced him to 26 and one-half years in prison. This court affirmed Rarden's conviction and sentence on direct appeal and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler No. CA2007-03-077 (Apr. 21, 2008) (Accelerated Calendar Judgment Entry); *05/05/2010 Case Announcements*, 2010-Ohio-1893.

**{¶ 3}** In the intervening years, Rarden has filed numerous postconviction motions with the trial court seeking various relief. We summarized those efforts in a 2018 opinion. *State v. Rarden*, 2018-Ohio-4487, ¶ 2-7 (12th Dist.).

**{¶ 4}** With relevance to this appeal, in March 2010, Rarden moved the court to resentence him pursuant to R.C. 2929.191(A)(1). That statute governs the procedures for holding a hearing and issuing a corrected judgment of conviction where the sentencing court failed to properly notify an offender that, pursuant to R.C. 2967.28, he or she will be subject to postrelease control upon leaving prison.

**{¶ 5}** In his motion, Rarden argued that, at sentencing in 2006, the trial court informed him it would impose postrelease control, but it failed to inform him of the consequences for violating postrelease control.

**{¶ 6}** On April 14, 2010, finding merit to Rarden's argument, the trial court held a resentencing hearing limited to providing Rarden with the proper advisement and imposition of postrelease control. On April 26, 2010, the court issued "re-sentencing judgment of conviction" entries.

{¶ 7} Rarden appealed from those entries, arguing that the trial court erred by confining the "re-sentencing" hearing solely to correcting the prior incorrect imposition of postrelease control. This court overruled Rarden's assignment of error and affirmed the trial court's decision and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler Nos. CA2010-04-095, CA2010-05-106, and CA2010-05-126 (Feb. 7, 2011) (Accelerated Calendar Judgment Entry); *12/21/2011 Case Announcements*, 2011-Ohio-6556. *Accord Rarden*, 2018-Ohio-4487, ¶ 4. In our accelerated calendar judgment entry, we noted Ohio Supreme Court precedent at the time, which held that when a court improperly imposes postrelease control, only that portion of the sentence is void and therefore only that portion is subject to vacation or amendment. *Id*. at ¶ 2. Thus, we held, the trial court did not err in limiting the hearing to the proper imposition of postrelease control. *Id*.

{¶ 8} Thirteen years later, in December 2024, Rarden filed the motion to resentence at issue in this appeal. Rarden asked the trial court to resentence him de novo, arguing that the trial court lacked subject-matter jurisdiction when it resentenced him in 2010. He based this argument on his interpretation of two Ohio Supreme Court cases: *State v. Harper*, 2020-Ohio-2913, and *State v. Henderson*, 2020-Ohio-4784. Those cases address whether sentencing errors render a sentence void or voidable. The gist of Rarden's argument was that the error in imposing postrelease control in his original sentence made that sentence voidable, not void, and any error in imposing postrelease control could only be raised and addressed through a direct appeal. Since Rarden had not raised this issue in his direct appeal, he argued, his sentence was final once that appeal was resolved and therefore the trial court lacked subject-matter jurisdiction to hold the resentencing hearing that he requested in March 2010 and that the trial court held in

in April 2010.

{¶ 9} After Rarden's December 2024 motion for resentencing was fully briefed, the common pleas court issued a decision denying Rarden's motion. The common pleas court found that it had subject-matter jurisdiction to issue the corrected sentence in 2010 pursuant to the same statutory authority that Rarden cited in his March 2010 motion, i.e., R.C. 2929.191. The court further found that neither Ohio Supreme Court case cited by Rarden supported the conclusion that the trial court lacked subject-matter jurisdiction to hold the April 2010 hearing and issue a corrected sentence under R.C. 2929.191. The court noted that neither case addressed R.C. 2929.191 or the question of subject-matter jurisdiction in relation to the procedures set forth in R.C. 2929.191. The court also found that Rarden's argument for resentencing was barred by res judicata.

{¶ 10} Rarden appealed, pro se, raising two assignments of error.

## II. Law and Analysis

### A. Jurisdiction to Modify Sentence

{¶ 11} Rarden's first assignment of error states:

THE TRIAL COURT DID NOT HAVE SUBJECT MATTER JURISDICTION TO MODIFY DEFENDANT'S SENTENCES TWO YEARS AFTER HIS DIRECT APPEAL BECAME FINAL.

{¶ 12} In his first assignment of error, Rarden argues that the trial court erred in denying his December 2024 motion for resentencing and argues that two Ohio Supreme Court cases—*Harper* and *Henderson*—compel the conclusion that the trial court lacked subject-matter jurisdiction in April 2010 when it corrected the postrelease control portion of his sentence.

{¶ 13} In *Harper*, the Ohio Supreme Court realigned it precedent in cases involving the erroneous imposition of postrelease control with the traditional understanding of what

- 4 -

constitutes a void judgment. 2020-Ohio-2913 at ¶ 4. "That is to say, the Ohio Supreme Court clarified its prior decisions discussing the void/voidable conundrum and explicitly stated that '[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable,' not void." *State v. Brasher*, 2021-Ohio-1688, ¶ 17 (12th Dist.), quoting *Harper* at ¶ 4. "If a judgment entry is voidable, then it must be challenged on direct appeal, or else principles of res judicata will apply . . . ." *State ex rel. Romine v. McIntosh*, 2020-Ohio-6826, ¶ 12.

{¶ 14} In *Henderson*, the Ohio Supreme Court held that *Harper* was not limited to cases involving the imposition of postrelease control. 2020-Ohio-4784 at ¶ 27. The court held that any error in sentencing by a court that has jurisdiction over the case and the person is voidable, not void, and that neither the state nor the defendant can challenge a voidable sentence through a postconviction motion. *Id*. at ¶ 43.

{¶ 15} Neither *Harper* nor *Henderson* addressed a scenario where a court corrects the erroneous imposition of postrelease control *pursuant to R.C. 2929.191*. That statute, effective July 11, 2006, provides a statutory remedy to correct a trial court's failure to properly impose postrelease control. *State v. Singleton*, 2009-Ohio-6434, ¶ 23. The statute provides that a trial court may, after conducting a hearing with notice to the offender, correct an original judgment of conviction by issuing a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control. *Id*. The statute also describes the type of hearing that must occur and provides that the correction authorized by the statute pertains only to the "flawed imposition of

postrelease control." *Id*. at ¶ 24.

{¶ 16} In March 2010, Rarden moved the court for resentencing under R.C. 2929.191 and specifically raised issues with the imposition of postrelease control. The record reflects that the court then ordered Rarden transported to Butler County for a resentencing hearing. Rarden did not provide us with a transcript of that hearing. Presumably, the court properly advised Rarden of postrelease control at the hearing.

{¶ 17} Upon review, we conclude that the trial court had subject-matter jurisdiction to hold the April 2010 resentencing hearing and issue corrected judgment entries, nunc pro tunc, by virtue of the statutory authority granted in R.C. 2929.191.[1] Neither *Harper* nor *Henderson* state anything regarding the import of R.C. 2929.191. And Rarden has cited no authority standing for the proposition that a trial court lacks subject-matter jurisdiction to hold a hearing and issue a corrected sentencing entry as specifically provided for in R.C. 2929.191.

{¶ 18} In a lengthy analysis, the First District Court of Appeals concluded that R.C. 2929.191 remains viable following *Harper. State v. Harris*, 2022-Ohio-3310 (1st Dist.). In so concluding, the First District first observed that the Ohio Supreme Court had referred to R.C. 2929.191 in *State v. Bates*, 2022-Ohio-475, an opinion published after *Harper*. *Harris* at ¶ 17.

{¶ 19} In *Bates*, the Ohio Supreme Court acknowledged R.C. 2929.191 and stated that it "provides a procedure to correct a court's failure to validly impose postrelease

---

1. We use the phrase "nunc pro tunc" here as that is the phrase used in the statute. R.C. 2929.191(A)(2) ("the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction"). In the ordinary use of the phrase, nunc pro tunc entries are limited to correcting errors in judgment entries to reflect what was decided at a hearing, not what the court should have or intended to decide. *Gauthier v. Gauthier*, 2019-Ohio-4208, ¶ 70 (12th Dist.) We note this distinction to underscore that we are not expanding a trial court's authority to issue nunc pro tunc entries to include matters not decided at a hearing.

control." 2022-Ohio-475, ¶ 30. But the Ohio Supreme Court found that the statute did not apply in that case because the trial court had failed to follow the correct hearing procedures set forth in the statute. *Id*. The implication, as noted by the First District in *Harris*, was that R.C. 2929.191 could have applied if the trial court had followed the correct procedures.[2] *Harris* at ¶ 19 (discussing *Bates*).

{¶ 20} Furthermore, the First District stated:

> This court cannot simply ignore the statute or declare it inoperative. The General Assembly's role is to enact legislation. *See In re Estate of Centorbi*, 129 Ohio St.3d 78, 2011-Ohio-2267, 950 N.E.2d 505, ¶ 11. The judiciary does not share the responsibility of establishing legislative policies or second-guessing those policies. Courts are charged with determining the constitutionality of statutes enacted by the legislature. *Stetter v. R.J. Corman Derailment Servs., LLC*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 35; *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536, ¶ 19 (8th Dist.). "The judgment of the judiciary is not to be substituted for that of the legislature when an issue is fairly debatable so that reasonable minds can differ." *Cent. Motors Corp. v. Pepper Pike*, 73 Ohio St.3d 581, 586-587, 653 N.E.2d 639 (1995), quoting *Gerijo v. Fairfield*, 70 Ohio St.3d 223, 229, 638 N.E.2d 533 (1994).
>
> The legislature enacted R.C. 2929.191 in response to the Ohio Supreme Court's cases holding that the failure of the trial court to properly impose postrelease control rendered that part of the sentence void. That line of cases has now been overruled, but the statute is still in place. The legislature has not amended or repealed it, and the Supreme Court has not squarely addressed its continued viability, noting instead only that the procedure was not properly followed in *Bates*. We conclude that R.C. 2929.191 remains viable, allowing the court to address the issue of postrelease control postsentence.
>
> We cannot substitute our judgment for that of the legislature.

*Id*. at ¶ 21-23.

---

2. Likewise, two of the three dissenting justices explicitly stated that R.C. 2929.191 "remains good law" post-*Harper*. *Id.* at ¶ 63

{¶ 21} We find the reasoning of the First District persuasive and agree that R.C. 2929.191 remains viable following *Harper*. *Accord State v. Barnette*, 2020-Ohio-6817, ¶ 19-20 (7th Dist.) (noting *Harper* and holding that a trial court was statutorily authorized to hold an R.C. 2929.191 hearing for an offender who had not yet completed his or her prison term).

{¶ 22} Rarden argues, however, that the common pleas court did not hold a hearing under R.C. 2929.191 in April 2010. Instead, Rarden states that the court actually denied his March 2010 motion for resentencing under R.C. 2929.191 and instead "sua sponte resentenced" him at the April 2010 hearing.

{¶ 23} In support of the proposition that the trial court denied his R.C. 2929.191 motion, Rarden attached a June 9, 2010 entry in which the court stated it was denying Rarden's March 26, 2010 motion for resentencing. This June 9, 2010 entry does seem to refer to Rarden's R.C. 2929.191 motion. However, it is significant that this entry was issued on June 9, 2010, *after* the court had already held the April 2010 resentencing hearing prompted by Rarden's March 2010 motion for resentencing. It is not certain why the court issued this entry denying a resentencing hearing *after* having held the required resentencing hearing. It could be that the court wished to clarify that Rarden was not entitled to "resentencing" de novo under R.C. 2929.191, but rather, that the resentencing hearing was limited to properly advising him of postrelease control and issuing a corrected entry.

{¶ 24} Regardless, in a filing made subsequent to the court's June 9, 2010 entry, Rarden *admitted* that the court *granted* his March 2010 motion brought under R.C. 2929.191. In an October 21, 2010 filing titled "motion to correct clerical mistake," Rarden asked the court to correct the June 9, 2010 entry, stating that,

- 8 -

> On March 26, 2010, Defendant filed a pro se motion requesting that this Court re-sentence him pursuant to Ohio Revised Code Section §2929.191. *This Court granted that motion and conducted a re-sentencing hearing on April 14, 2010.*

(Emphasis added.). Rarden asked the court to correct its June 9, 2010 mistake so that the record "speaks the truth." Accordingly, Rarden's own filing contradicts his current argument that the trial court did not "resentence" him under R.C. 2929.191.

{¶ 25} For the foregoing reasons, we conclude that the trial court possessed subject-matter jurisdiction to hold the April 2010 R.C. 2929.191 hearing and therefore the trial court did not err in denying Rarden's December 2024 motion for resentencing. We overrule Rarden's first assignment of error.

### B. Language Regarding Fines

{¶ 26} Rarden's second assignment of error states:

> FAILURE TO INCORPORATE MANDATORY LANGUAGE INTO ITS ORIGINAL JUDGMENT ENTRY REGARDING FINES, RENDERS JUDGMENT ENTRY NOT A FINAL APPEALABLE ORDER PURSUANT TO §2505.02.

{¶ 27} In Rarden's second assignment of error he presents an argument in anticipation of an argument he assumes that the state would present if we agreed with his argument that the trial court lacked jurisdiction to resentence him under R.C. 2929.191 in April 2010. He contends that in such a case, his sentence would not revert to his original sentence because that original sentence did not constitute a final appealable order.

{¶ 28} As to the finality argument, Rarden contends that the trial court's alleged failure to impose a fine upon him in his sentencing entries, where a fine was an option, resulted in the entries not being final appealable orders. Ultimately, Rarden is asking this court to order the trial court to conduct a de novo sentencing hearing.

{¶ 29} However, based on our disposition of Rarden's first assignment of error,

Rarden's second assignment of error is moot and we need not address it. App.R. 12(A)(1)(c).

{¶ 30} Judgment affirmed.

M. POWELL and SIEBERT, JJ., concur.

## **J U D G M E N T   E N T R Y**

The assignments of error properly before this court having been ruled upon or disregarded as moot, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ M. Powell, Judge

/s/ Melena S. Siebert, Judge