[Cite as *State ex rel. Barnette v. Chambers-Smith*, 2026-Ohio-1571.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Lorenza Barnette, | : | |
| Relator, | : | |
| v. | : | No. 25AP-398 |
| Annette Chambers-Smith Director, Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on April 30, 2026

**On brief:** *Lorenza Barnette*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Marcy A. Vonderwell*, and *Nicole Claire Hendrix*, for respondent.

IN MANDAMUS ON
OBJECTIONS TO MAGISTRATE'S DECISION

EDELSTEIN, J.

{¶ 1} Relator, Lorenza Barnette, initiated this original action seeking a writ of mandamus that orders respondent, Annette Chambers-Smith, director of the Ohio Department of Rehabilitation and Correction ("ODRC"), to correct what he believes is an erroneously computed prison sentence. Respondent moved for summary judgment on Mr. Barnette's petition, arguing that because Mr. Barnette cannot demonstrate he has a clear legal right to the requested relief, a clear legal duty on the part of respondent to provide it, or that he lacks an adequate remedy in the ordinary course of law, respondent is entitled to judgment as a matter of law under Civ.R. 56.

{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate. The magistrate issued the appended

decision on February 5, 2026, including findings of fact and conclusions of law. In that decision, the magistrate determined that, after reviewing all evidence and arguments presented by the parties, Mr. Barnette failed to establish a clear legal right to the requested relief or a clear legal duty on the part of respondent to provide such relief. After summarizing the procedural posture of Mr. Barnette's case, the magistrate found no merit to Mr. Barnette's contention that the trial court's October 26, 2011, sentencing entry— ordering Mr. Barnette to consecutively serve life in prison without the possibility of parole for each of the two aggravated murder counts, 10 years in prison for each of the two kidnapping counts, and 18 months in prison for the arson count—no longer remained in effect. Accordingly, the magistrate has recommended that this court deny Mr. Barnette's request for a writ of mandamus.

{¶ 3} Mr. Barnette timely filed objections to the magistrate's decision under Civ.R. 53(D)(3)(b). We are therefore required to independently review the objected to matters and evaluate whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). We "may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b).

{¶ 4} Mr. Barnette identifies the following four objections to the magistrate's decision:

> [1.] The magistrate left out the fact that relator also alleges that pursuant to R.C. 2929.191(A) that the trial court's PRC notification must be in the judgment of conviction.
>
> [2.] Magistrate errored when he accept Janent Couts statement as an affidavit.
>
> [3.] Magistrate has misconstrued relator's allegation and concluded that relator believes his original October 2011 sentence was vacated by the court of appeals.
>
> [4.] Magistrate errored when he conclud that when the court of appeals vacated the improper September 17, 2019, judgment entry, the original October 26, 2011 sentencing entry was left as operative sentencing entry in force.

(Sic passim.) (Feb. 19, 2026 Objs. at 2-4.)

{¶ 5}   We begin by addressing Mr. Barnette's second objection, which contends the magistrate erroneously considered an unsworn statement by Janet Couts, Correction Records Sentence Computation Auditor for the ODRC, as a factual summary of Mr. Barnette's prison sentence. (Feb. 19, 2026 Objs. at 3.) Mr. Barnette's objection ignores Ms. Couts's affidavit attached to that statement wherein Ms. Courts swore "she prepared the attached calculation of sentence for Lorenza Barnette" in her official capacity "from [O]DRC records in response to a request from the Attorney General's Office." (Nov. 4, 2025 Resp. Evid., Ex. A at 2.) Accordingly, because Ms. Couts's statement was supported by a sworn affidavit, we find no merit to Mr. Barnette's second objection. As such, it is overruled.

{¶ 6}   We are likewise unpersuaded by Mr. Barnette's first, third, and fourth objections to the magistrate's decision, all of which concern the effect of postconviction proceedings on the prison sentence imposed by the trial court in October 2011, as described below.

{¶ 7}   In his mandamus complaint, Mr. Barnette has requested this court issue an order compelling "respondent to correct its records to execute the sentence actually imposed by the sentencing court on June 28, 2021." (May 9, 2025 Compl. at 9.) Mr. Barnette's argument relies on a fundamentally flawed understanding of the proceedings that occurred after his conviction was affirmed on direct appeal. *See State v. Barnette*, 2014-Ohio-5673 (7th Dist.) ("*Barnette I*"). Specifically, he contends that in 2020, in an appeal from a judgment issued following a postconviction "resentencing" hearing in the trial court, the Seventh District Court of Appeals of Ohio vacated the trial court's original October 2011 judgment of conviction and sentence in *State v. Barnette*, 2020-Ohio-6817 (7th Dist.) ("*Barnette II*"). But he is mistaken.

{¶ 8}   Mr. Barnette's convictions and aggregate prison sentence of life without parole were affirmed by the Seventh District Court of Appeals on direct appeal in 2014. *See Barnette I* at ¶ 1. Apparently, however, the trial court failed to impose a mandatory five-year term of post-release control with respect to Mr. Barnette's two kidnapping sentences at the October 2011 sentencing hearing. *See Barnette II* at ¶ 6. *Barnette II* stemmed from the trial court's sua sponte decision to hold what it called a "resentencing hearing" in April 2019 to correct this error. *Barnette II* at ¶ 6. "At the resentencing hearing, the court

imposed a mandatory five-year period of post release control and explained the post release control terms. ***It then ordered that all other aspects of [Mr. Barnette's] sentence would remain in effect***." (Emphasis added.) *Barnette II* at ¶ 6. The trial court entered judgment memorializing its imposition of post-release control for the two kidnapping counts on September 17, 2019. *Barnette II* at ¶ 6.

{¶ 9} On appeal ***from that September 17, 2019 judgment*** imposing post-release control, Mr. Barnette argued the trial court "had no basis to sua sponte hold a resentencing hearing and to impose a new sanction onto his sentence" under *State v. Harper*, 2020-Ohio-2913. *Barnette II* at ¶ 9. In *Harper*, the Supreme Court of Ohio held "any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." *Harper* at ¶ 43. However, unlike the defendant in *Harper*, Mr. Barnette is still serving his prison term. *Barnette II* at ¶ 20. Thus, the Seventh District Court of Appeals held that, pursuant to R.C. 2929.191, "the trial court was statutorily authorized to hold a hearing ***for the very limited purpose of imposing the term of post release control***." (Emphasis added.) *Barnette II* at ¶ 20. This is because R.C. 2929.191 permits a trial court to "correct a judgment entry of conviction to include the proper notice of post release control as long as the offender has not yet completed his or her prison term and the court follows the statutory notice and hearing requirements." *Barnette II* at ¶ 19.

{¶ 10} In reviewing the propriety of the hearing conducted by the trial court in April 2019, the Seventh District Court of Appeals observed that the trial court referred to it, "on multiple occasions, both before and during the hearing, as a resentencing hearing" and "stated at the hearing that it was considering the statutory felony sentencing factors." *Barnette II* at ¶ 24. Such conduct by the trial court "conveyed to [Mr. Barnette] that he was being resentenced," which would go "beyond the authority granted to it by R.C. 2929.191 to hold a ***limited hearing*** to impose a term of post release control." (Emphasis added.) *Barnette II* at ¶ 24. In other words, the trial court had ***no authority*** to "resentence" Mr. Barnette after his October 2011 judgment of conviction and sentence was entered and affirmed on direct appeal in 2014. *See Barnette II* at ¶ 10-26. At most, the trial court was permitted by R.C. 2929.191 to conduct a hearing for the limited purpose of giving him

proper notice of post-release control and imposing post-release control for the two kidnapping counts. *See Barnette II* at ¶ 16-26. Because the trial court had improperly framed the April 2019 proceedings as a "resentencing hearing," the Seventh District Court of Appeals reversed and vacated the trial court's **September 17, 2019** judgment, remanding the matter to the trial court for the limited purpose of holding "a notification of post release control hearing in accordance with R.C. 2929.191." *Barnette II* at ¶ 26.

{¶ 11} Again, we emphasize the September 17, 2019 judgment **did not** purport to modify the **original prison sentences** imposed by the October 2011 judgment of conviction and sentence. *See Barnette II* at ¶ 6. The only aspect of Mr. Barnette's sentence impacted by the September 2019 judgment and the appellate court's 2020 decision was the trial court's imposition of post-release control for the kidnapping counts.

{¶ 12} On remand from the Seventh District Court of Appeals, the trial court held a limited post-release control notification hearing on June 24, 2021 for the kidnapping counts, Counts 5 and 6. (*See* Nov. 4, 2025 Resp. Evid., Ex. B at 3.) The trial court memorialized its imposition of post-release control by entering a judgment on June 28, 2021. However, because the trial court did not expressly incorporate the prison sentences imposed in its October 2011 judgment or reissue an amended judgment entry summarizing Mr. Barnette's entire sentence (as it did in September 2019 (*e.g.*, Dec. 1, 2025 Relator Am. Evid., Ex. F)), Mr. Barnette contends he is no longer subject to the prison sentence imposed by the court in October 2011. He claims he was "resentenced" in June 2021 (Dec. 1, 2025 Relator Evid., Ex. D at 13), but as expressly held by the Seventh District Court of Appeals in *Barnette II*, the trial court **did not have** authority to resentence him at that time.

{¶ 13} Neither the 2020 appellate decision nor the trial court's June 2021 judgment—which concerned the imposition of post-release control on the two kidnapping counts—had any impact on the October 2011 judgment imposing two sentences of life imprisonment without the possibility of parole for the aggravated murder of two people. To the extent Mr. Barnette believes the trial court has an obligation to issue an amended judgment entry incorporating the post-release control findings entered by the June 28, 2021 judgment into the October 26, 2011 judgment of conviction and sentence, that issue is not properly before us in this case.

{¶ 14} For these reasons, and following our independent review of the record pursuant to Civ.R. 53, we find the magistrate has properly discerned the relevant facts and appropriately applied the controlling law.  Therefore, we overrule Mr. Barnette's four objections to the magistrate's decision, adopt the magistrate's decision as our own, including findings of fact and conclusions of law, grant respondent's motion for summary judgment, and deny Mr. Barnette's petition for a writ of mandamus.

*Objections overruled*; *respondent's motion for summary judgment granted*;
*writ of mandamus denied.*

BEATTY BLUNT and MENTEL, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Lorenza Barnette, | : | |
| Relator, | : | |
| v. | : | No. 25AP-398 |
| Annette Chamber-Smith Director, | : | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Corrections, | : | |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 5, 2026

*Lorenza Barnette*, pro se.

*Dave Yost*, Attorney General, *Marcy A. Vonderwell,* and *Nicole Claire Hendrix*, for respondent.

IN MANDAMUS
ON MOTIONS

{¶ 15} Relator, Lorenza Barnette, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Annette Chambers-Smith, director, Ohio Department of Rehabilitation and Correction ("ODRC"), to correct ODRC's records to reflect the sentence actually imposed by the sentencing court on June 28, 2021. Respondent has filed a motion for judgment on the pleadings, relator has filed a motion for summary judgment, and respondent has filed a cross-motion for summary judgment.

Findings of Fact:

{¶ 16}  1. Relator is incarcerated at Marion Correctional Institution.

{¶ 17}  2. Respondent is the director of ODRC.

{¶ 18}  3. In October 2011, a jury found relator guilty of 2 counts of aggravated murder, two counts of kidnapping, and arson. In an October 26, 2011, entry, the Mahoning County Common Pleas Court sentenced relator to life in prison without the possibility of parole for each of the 2 aggravated murders, 10 years in prison for each of the 2 kidnappings, and 18 months in prison for the arson, with the sentences to be served consecutively.

{¶ 19}  4. After a number of post-judgment motions and appeals, the trial court sua sponte held a post-release-control-notification hearing in April 2019, having failed to impose a mandatory five-year term of post-release control on the kidnapping sentences. At the hearing, the court imposed a mandatory five-year period of post-release control and ordered that all other aspects of appellant's sentence would remain in effect. The court issued a judgment entry on September 17, 2019.

{¶ 20}  5. Relator appealed. In *State v. Barnette*, 2020-Ohio-6817 (7th Dist.), the Seventh District Court of Appeals found the trial court improperly referred to the hearing as a resentencing hearing, when it should have held only a limited hearing to impose a term of post-release control. The court reversed and vacated the judgment and remanded the matter for the limited purpose to allow the trial court to hold a notification of post-release-control hearing in accordance with R.C. 2929.191. *Id*. at ¶ 26.

{¶ 21}  6. Upon remand, the trial court held a post-release-control-notification hearing and notified relator of post-release control for the two kidnapping counts. The trial court issued a judgment entry journalizing the notification on June 28, 2021. The judgment entry addressed only post-release control for the two kidnapping counts and did not address the prison sentences for any of the counts.

{¶ 22}  7. On May 9, 2025, relator filed his petition for writ of mandamus. In the petition, relator alleges the following: (1) respondent lengthened relator's sentence contrary to the express language in the June 28, 2021, sentencing entry; (2) his original October 2011 sentence was vacated in 2020 by the Seventh District Court of Appeals; he was resentenced on June 28, 2021; and the June 28, 2021, judgment imposes no prison

sentence; (3) ODRC shows his maximum sentence release date as January 1, 8888; and (4) ODRC must correct its records to reflect the sentence imposed by the trial court in June 28, 2021, judgment, which contains no imposition of a jail sentence.

{¶ 23} 8. Included in the record is an affidavit by Janet Couts, Correction Records Sentence Computation Auditor/Release Supervisor, Bureau of Sentence Computation. In the affidavit, Couts sets forth relator's sentence, indicates relator is serving a life sentence without the possibility of parole, and avers that the limited post-release-control-notification hearing in June 2021 did not change relator's sentence.

{¶ 24} 9. On October 8, 2025, respondent filed a motion for judgment on the pleadings.

{¶ 25} 10. On November 7, 2025, relator filed a motion for summary judgment.

{¶ 26} 11. On November 13, 2025, respondent filed a cross-motion for summary judgment.

Conclusions of Law:

{¶ 27} The magistrate recommends that this court deny relator's petition for a writ of mandamus.

{¶ 28} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A relator bears the burden of persuasion to show entitlement to a writ of mandamus by clear and convincing evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 26. "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of evidence, but it does not extend the degree of certainty beyond a reasonable doubt as required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 14.

{¶ 29} Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one

conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C).

{¶ 30} "The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact." *Starner v. Onda*, 2023-Ohio-1955, ¶ 20 (10th Dist.), citing *Dresher v. Burt*, 1996-Ohio-107. "The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations." *Id.* "Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial." *Hinton v. Ohio Dept. of Youth Servs.*, 2022-Ohio-4783, ¶ 17 (10th Dist.), citing *Dresher* at 293.

{¶ 31} In the present case, the magistrate will address respondent's motion for summary judgment first, as it is dispositive of the matter. In the motion, respondent argues the following: (1) a petition for writ of mandamus is an improper vehicle to challenge the calculation of relator's release date; instead, relator should have brought a claim in habeas corpus or declaratory judgment; (2) the June 28, 2021, judgment entry regarding post-release control notification has no bearing on relator's sentence of life without parole and did not address sentencing; (3) as a result of the decision in *Barnette*, the September 17, 2019, entry became void, leaving the October 26, 2011, judgment entry as the sentencing entry; (4) the October 26, 2011, sentencing entry properly reflects all of the counts for which relator was convicted, the sentences, and jailtime credit; and (5) relator has not received a release date in his sentencing computation because he is imprisoned for life without parole, as reflected by the maximum sentence release date of January 1, 8888.

{¶ 32} Although respondent claims that a petition for writ of mandamus is not the proper vehicle to challenge the calculation of relator's release date, even assuming arguendo that relator's mandamus action is proper, relator's action fails on the merits.

Relator believes his original October 2011 sentence was vacated by the court of appeals in *Barnette*, and when the trial court resentenced him upon remand, the trial court imposed no prison sentence in its June 28, 2021, judgment entry. Relator contends that because the June 28, 2021, judgment entry contains no prison sentence, respondent must correct its records to reflect he is subject to no prison sentence.

{¶ 33} Based upon the evidence available in the record submitted by both parties, relator has misconstrued the pleadings and actions by the trial court. In the October 26, 2011, entry, the trial court sentenced relator to life in prison without the possibility of parole for each of the 2 aggravated murders, 10 years in prison for each of the 2 kidnappings, and 18 months in prison for the arson, with the sentences to be served consecutively. The trial court subsequently held a post-release-control-notification hearing and issued a September 17, 2019, judgment entry, in which it imposed a mandatory five-year period of post-release control and ordered that all other aspects of appellant's sentence would remain in effect. Upon appeal in *Barnette*, the court of appeals reversed and vacated the September 17, 2019, judgment entry, finding the trial court improperly referred to the hearing as a resentencing hearing, when it should have held only a limited hearing to impose a term of post-release control. The court of appeals remanded the matter for the limited purpose to allow the trial court to hold a notification of post-release-control hearing in accordance with R.C. 2929.191. The trial court then held the post-release-control-notification hearing and issued a June 28, 2021, judgment entry notifying relator of post-release control for the two kidnapping counts.

{¶ 34} When the court of appeals vacated the improper September 17, 2019, judgment entry, the original October 26, 2011, sentencing entry was left as the operative sentencing entry in force. The October 26, 2011, sentencing entry sentenced relator to life in prison without the possibility of parole for each of the 2 aggravated murders, 10 years in prison for each of the 2 kidnappings, and 18 months in prison for the arson, with the sentences to be served consecutively. Thus, this was and remains relator's sentence in this case. The court of appeals' decision in *Barnette* did not vacate the October 26, 2011, sentencing entry. Instead, the court in *Barnette* only vacated the September 17, 2019, judgment entry. Furthermore, the June 28, 2021, entry was not a sentencing or resentencing entry. The court of appeals made clear the sole and "limited" purpose of the

remand was to allow the trial court to hold a notification of post-release-control hearing in accordance with R.C. 2929.191. *Barnette* at ¶ 26. The June 28, 2021, entry did not address any prison sentences for any of the counts. The June 28, 2021, entry merely notified relator of post-release control for the kidnapping sentences. The affidavit by Couts, the Correction Records Sentence Computation Auditor/Release Supervisor, Bureau of Sentence Computation, supports this conclusion. Couts avers that relator is serving a life sentence without the possibility of parole and that the limited post-release-control-notification hearing in June 2021 did not change relator's original sentence.

{¶ 35} For these reasons, the October 26, 2011, sentencing entry is the operative sentencing entry in this case, and relator cannot show that respondent had a clear legal duty to modify its records to reflect that he was sentenced to no prison term in the June 28, 2021, entry. Therefore, respondent has demonstrated that there exists no genuine issue of material fact, and she is entitled to judgment as a matter of law.

{¶ 36} The magistrate also notes that relator alleges that ODRC shows his maximum sentence release date is January 1, 8888. Although the magistrate cannot find this date in any documents submitted as evidence in this action, respondent responds that this date is utilized to reflect that relator is serving a term of life in prison with no parole, and there is no achievable release date within relator's lifetime. Relator does not dispute this explanation, and given the above determination that relator is still subject to a term of imprisonment of life without parole as reflected in the October 26, 2011, entry, it remains true that he has no achievable release date.

{¶ 37} Accordingly, it is the magistrate's recommendation that this court should grant respondent's motion for summary judgment and deny relator's request for a writ of mandamus. Any outstanding motions are rendered moot by this determination.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.